UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DARRELL SCATES,
            Plaintiff,

vs.                                                          09-1271

JASON CREMER, et.al.,
            Defendants.

MERIT REVIEW ORDER

This cause is before the court for a merit review of the plaintiff's claims.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, a pro se prisoner, has filed this lawsuit pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at Pontiac Correctional Center.  The plaintiff has named four defendants including Correctional Officers Jason Cremer and H. Hamilton; Adjustment Committee Member David Lingle and Administrative Review Board Member Sarah Johnson.

The plaintiff says in January of 2009, Defendant Cremer wrote a disciplinary report accusing the plaintiff of throwing bodily fluids in his face.   The plaintiff says Cremer wrote the ticket to "conceal" his conduct. (Comp, p.3).  The plaintiff says Cremer assaulted him causing an injury that required medical care.   The plaintiff says the remaining officers did not appropriately investigate the ticket and the plaintiff was disciplined as a result.

The plaintiff has attached copies of grievances.  The plaintiff was apparently written up on January 27, 2009 for Assaulting Any Person and for Damage or Misuse of Property. (Comp, Feb. 11, 2009 Grievance).   The plaintiff alleged that Defendant Cremer had assaulted him and as a result, his finger was cut and required stitches.  Defendant Cremer said the plaintiff's claims were "preposterous." (Comp, Jan. 29, 2009 Grievance).   Defendant Cremer and another officer stated that when the plaintiff was uncuffed, he began slamming his fan against the wall.  The officers say the plaintiff told them he injured his finger on the fan.  When the plaintiff was taken to the medical department, he claimed the injury was due to an altercation with an officer.

The plaintiff was found guilty of the offenses and lost one year of good time credits. (Comp, March 2, 2009 ARB ltr).

The plaintiff has failed to state a claim upon which relief can be granted. "When a state

1

prisoner seeks damages in a §1983 suit, the district court must consider whether a judgement in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). This holding has been extended to judgement in prison disciplinary proceedings. *Edwards v. Balisok*, 520 U.S. 641 (1997).

In this case, the plaintiff admits that he lost one year of good time credits as a result of the disciplinary hearing. The plaintiff also claims that he was disciplined in order to cover up the conduct of Defendant Cremer. The plaintiff has not claimed that the discipline was overturned. Finally, the plaintiff would have to prove that the discipline was false and based on an improper motive in order to prove his case. Therefore, his claims are barred by *Heck,* 512 U.S. 477.

**IT IS THEREFORE ORDERED:**

1) **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. All pending motions are denied as moot [d/e 2, 3, 8], and this case is closed, with the parties to bear their own costs;**

2) **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log;**

3) **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

4) **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

5) **The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

6) **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal**

**with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)c. If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 1st day of September, 2009.


**s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE